**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**Frederick A. LAWRENCE.**

**No. 90–188–M.P.**

Supreme Court of Rhode Island.

April 6, 1990.

Frank A. Carter, Chief Disciplinary Counsel, for plaintiff.

Earl Pasbach, East Providence, for defendant.

## OPINION

### PER CURIAM

The matter before the court arises from two petitions for disciplinary action filed against the respondent, Frederick A. Lawrence, pursuant to Rule 42–6(b). Both petitions have been heard by the Disciplinary Board of the Supreme Court of Rhode Island which has forwarded to this court recommendations for discipline. The facts as found by the Disciplinary Board are as follows.

In the first action filed the complainant, hereafter referred to as Client A, hired the respondent for a probate proceeding involving unimproved real estate in Rehoboth, Massachusetts in April 1985. The real estate had been owned by the deceased husband of Client A. Both she and her husband were Rhode Island residents. He had died intestate with no children and several siblings.

Respondent advised Client A that he was not a member of the Massachusetts Bar, but he agreed to handle the matter if it were uncontested. Client A paid respondent a $500 retainer and furnished respondent with a list of family facts. Further facts were provided by Client A after the death of her husband's brother in August 1985.

Thereafter Client A attempted to contact respondent a substantial amount of times but was only occasionally successful. In summer of 1986, Client A attempted to contact respondent by visiting his office in East Greenwich, but it had been vacated. She phoned him at home and reached him in September at which time he informed her that he needed an agent in Massachusetts. Client A presented her sister as agent.

In January of 1987, Client A again met with the respondent who advised her that he intended to have the matter settled by June or July. He informed her that there was discussion of an attachment on the Massachusetts property. Respondent contacted the attorneys for the attaching creditor and arranged a settlement of $2,700 (one-half of the amount due). On April 3, 1987, Client A presented a check to respondent for the $2,700 but was told that he had found out that the case had been dismissed in 1979.

On April 20, 1987, Client A again met with respondent. He told her that the matter would be settled soon, and he requested and received a check for $200 for a surety bond. On June 22, 1987, she again phoned respondent and gave him a two-month deadline to conclude the matter. When she again phoned in July, he said that he was working on it.

Client A met with respondent on August 26 at which time she requested the papers on the case. Respondent requested more time but Client A refused. Respondent gave her the file and the $200 check which she had given him for the bond.

Respondent did almost nothing with regard to this matter from April 1985 up to January 1987. Although he made some phone calls, none of these led to the probate of the estate. In fact, respondent failed to prepare any court documents.

The second petition for disciplinary action involved the complainants, hereafter referred to as Clients B, who were owed approximately $35,000 on a promissory note. They hired respondent to proceed against the borrowers in early 1976. Thereafter, Clients B frequently contacted respondent to inquire as to the progress of their litigation. Respondent represented to them that he had initiated suit against the borrowers in the Kent County Superior Court and that the case had not been reached because of the heavy load on the non-jury Kent County calendar.

Ten years after meeting with Clients B, respondent filed a lawsuit in Providence County Superior Court. This was actually the first lawsuit ever filed by respondent to enforce the promissory note. The Providence County suit was dismissed because the statute of limitations for initiating the action had expired. After dismissal of the Providence County suit, respondent admitted to complainants that no lawsuit had been filed in Kent County Superior Court.

Despite the fact that Clients B never authorized further action, respondent appealed the decision of the Providence County Superior Court to the Rhode Island Supreme Court. After the case was filed, Clients B inquired into the status of the appeal. Respondent told them that it was scheduled for May 18, 1988 even though the appeal had actually been denied on April 21, 1988. On or about May 16, 1988, respondent informed Clients B that he could not keep the court date because of a doctor's appointment.

Based on these facts as found by the Disciplinary Board this court concludes that respondent repeatedly engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Disciplinary Rule 1–102(A)(4). Moreover, respondent neglected legal matters entrusted to him, and failed to carry out contracts of employment entered into with clients for professional services, in violation of Rules 6–101(A)(3) and 7–101(A)(2). Respondent grossly neglected the matter entrusted to him by Client A for twenty-eight months and he failed to act on Clients B's promissory note for ten years. His failure to act on the promissory note prejudiced the ability of Clients B to enforce the note after the statute of limitations had run. Respondent therefore also violated Disciplinary Rule 7–101(A)(3). The so-called mitigating factors presented by respondent fail to justify or excuse such behavior.

Mindful of the recommendations made by the Disciplinary Board we reach our own independent conclusion as to the disciplinary action we deem appropriate. Accordingly, respondent, Frederick A. Lawrence, is suspended from the practice of law until further order of this court.